UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00134-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| SHERMAN DEVANTE ADDISON, et. al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Government's Motion for Proposed Trial Groupings (Doc. No. 813), several Defendants' motions to continue trial, and several pretrial motions regarding discovery issues filed by multiple Defendants. The Court finds it appropriate to issue one case-wide order ruling on the administrative motions regarding trial groupings and trial continuances. Moreover, this combined order is appropriate because the pretrial motions regarding discovery are related, and because the Court wants to ensure counsel for all Defendants abide by this case's standard criminal discovery order.

First, as to the Government's Motion for Proposed Trial Groupings (Doc. No. 813), the Court notes it has discussed the merits and objections to this motion during several status conferences, including those held on October 25, 2017; December 4, 2017; and January 31, 2018. The Court issues this written ruling in order to memorialize the oral rulings issued during those status conferences. Accordingly, the Government's Motion for Proposed Trial Groupings (Doc. No. 813) is GRANTED subject to any modifications made during the status conferences. In so ruling, the Court DENIES the motion to sever filed by Defendant Mitchell (Doc. No. 968).[1]

---

[1] The Supreme Court has explained, "[W]hen defendants have been properly joined under Rule 8(b), a district court should grant a severance under Rule 14 *only* if there is a serious risk that a joint trial

1

Furthermore, the Court reserves its right to modify or combine the trial groupings for purposes of judicial economy. In light of this ruling, the Court also DENIES Defendants' Motions "for Disclosure of Codefendants to be Joined at Trial and for Clarification of Trial Date" (Doc. No. 1149, 1169). The trial groupings and trial settings will be further addressed during the Court's status conference set for March 19, 2018.

Next, the Court turns to several motions to continue trial in this matter, many of which have also been the subject of the Court's oral rulings during the status conferences identified above. This Order serves to memorialize those rulings on the docket. For the reasons stated in open Court noting that the ends of justice are served by continuing trial, the Court GRANTS the following motions to continue (Docs. Nos. 882, 887, 958, 970, 986, 987, 994, 1017, 1025) and DENIES Defendant Gilmore's "Motion for Speedy Trial and Objection to Continuance" (Docs. Nos. 995, 1018).

Finally, several Defendants have filed motions seeking a Court order compelling the Government to produce certain materials in discovery. Rule 16 generally governs discovery in criminal cases and requires the Government to "make available to the defendant any requested items that are 'material to preparing the defense.'" United States v. Caro, 597 F.3d 608, 621 (4th Cir. 2010) (quoting Fed. R. Crim.P. 16(a)(1)(E)(i).)

Specifically, Defendants move the Court to compel the Government to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150

---

would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993) (emphasis added). Defendant Mitchell has failed to demonstrate such a "serious risk" exists in this case.

2

(1972), and their progeny. Defendants also seek evidence the Government intends to offer at trial pursuant to Federal Rule of Evidence 404(b). As the Government notes in response to these motions, the Standard Criminal Discovery Order entered in this case already addresses these motions.

In regards to the motions related to Brady and Giglio material, the Standard Criminal Discovery Order provides, in relevant part:

> 2. The government shall disclose to defense counsel all Brady material which is in the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence should become known to the attorney for the government. Disclosure under this paragraph will include the following:
>
>   A. Evidence or information specifically requested by the defendant which is favorable to the accused and "material either to guilt or to punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963). Accord United States v. Agurs, 427 U.S. 97, 106 (1976); Sennett v. Sheriff of Fairfax County, 608 F.2d 537 (4th Cir. 1979). But cf. United States v. Billups, 692 F.2d 320, 325-26 (4th Cir. 1982) (defendant's twenty-five Brady requests too general to constitute "specific request" for documents withheld by the government).
>
>   B. Evidence or information, whether or not specifically requested by the defense, which is of sufficient probative value as to create a reasonable doubt of the guilt or which tends to exculpate the accused. See United States v. Agurs, supra; Hamric v. Bailey, 386 F.2d 390, 393 (4th Cir. 1967); and Barbee v. Warden, Maryland Penitentiary, 331 F.2d 842 (4th Cir.1964).
>
>   C. Evidence or information indicating that the prosecution's case includes perjured testimony. See Alcorta v. Texas, 355 U.S. 28 (1957); and Campbell v. Reed, 594 F.2d 4 (4th Cir. 1979).
>
>   D. Evidence or information tending to discredit or impeach the credibility of a government witness, including plea agreements and prior criminal records (if known to the government). See Giglio v. United States, 405 U.S. 150, 154-55 (1972); Gordon v. United States, 344 U.S. 414 (1953); Chavis v. North Carolina, 637 F.2d 213 (4th Cir. 1980); United States v. Sutton, 542 F.2d 1239 (4th Cir. 1976); and Boone v. Paderick, 541 F.2d 447 (4th Cir. 1976).

3

The Standard Criminal Discovery Order also provides for the timely disclosure of evidence the Government intends to offer pursuant to Rule 404(b) of the Federal Rules of Evidence:

> 9. No later than two weeks before the scheduled date for trial, the government shall disclose to defense counsel any evidence the government will offer under Rules 404(b) or 807 of the Federal Rules of Evidence.

Defendants have failed to set forth sufficient reason to modify the Standard Criminal Discovery Order or the deadlines for disclosure set forth therein. The Government has acknowledged its responsibility to comply, and nothing before this Court indicates the Government has not or will not timely provide required disclosures in accordance with the Standard Criminal Discovery Order and other applicable law. Defendants' motions are therefore unnecessary. Accordingly, the Court DENIES AS MOOT the pending Motions related to discovery (Docs. Nos. 1144, 1150, 1157, 1163, 1164, 1166, 1168).

Defendants also seek early disclosure of materials and statements of any and all witnesses that are in the Government's possession that relate to the subject matter concerning which witnesses will testify at trial. Defendants cite Rule 26.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3500 (The Jencks Act) and request early disclosure of these materials and statements. Again, the Court's Standing Criminal Discovery Order speaks to such disclosure by the Government:

> 13. The government is encouraged, but not required, to provide early disclosure of Jencks Act material. 18 U.S.C. § 3500. See also United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

Defendants have not sufficiently demonstrated the Government has or will fail to provide disclosure of Jencks Act material, and Defendant has not shown the need for disclosure at this time

4

beyond what is already encouraged in the Court's Standard Criminal Discovery Order. Accordingly, the Court DENIES AS MOOT Defendants' motions (Docs. Nos. 1146, 1160, 1165).

Defendants also move the Court to compel the Government to produce summaries, charts, data, and graphs of evidence it intends to use at trial (Docs. Nos. 1145, 1167). In response to these motions, the Government has indicated:

> The United States will, however, provide notice to the Defendant if it intends to apply Federal Rule of Evidence 1006 to present summary charts of evidence such as telephone records, Facebook accounts, telephone conversations and other recordings, and the content of seized telephones to include contact lists, photographs, and stored communications of the Defendant and co-conspirators. Such notice will be provided at least fourteen (14) days prior to trial. Copies of the underlying voluminous writings, records, recordings, and telephone content will have been made available to the Defendant prior to the commencement of trial, pursuant to the Standard Discovery Order and all applicable discovery rules.

(Docs. Nos. 1203, 1211). In light of this representation and because Defendants have failed to show they are otherwise entitled to the relief they seek, their motions are DENIED AS MOOT.

Defendant Thorbourne also seeks disclosure of the Government's confidential sources (Doc. No. 1155). The Court's Standing Criminal Discovery Order makes this motion unnecessary:

> 5. If disclosure is required under governing Supreme Court or Fourth Circuit authority, no later than one week before trial the government shall disclose to defense counsel the identity of any confidential informant who participated in or is otherwise a material witness to the commission of the offense(s) alleged in the indictment. See McCray v. Illinois, 386 U.S. 300, 311 (1967); Roviaro v. United States, 353 U.S. 53 (1957); United States v. Blevins, 960 F.2d 1252, 1258 (4th Cir. 1992); United States v. Mabry, 953 F.2d 127 130 (4th Cir. 1991); United States v. Price, 783 F.2d 1132, 1138 (4th Cir. 1986); and United States v. Smith, 780 F.2d 1102, 1108 (4th Cir. 1985). As per the cited authority, the government is not required to disclose the identity of confidential informants who are mere "tipsters" or "middlemen."

In light of the provisions contained in this standing order, and for the additional reasons provided in the Government's Response in Opposition (Doc. No. 1209), this motion is DENIED.

Counsel for all Defendants are reminded to familiarize themselves with the Court's Standard Criminal Discovery Orders, which guide this case.  **All defense counsel are hereby cautioned that further motions regarding the disclosure of discovery materials are unnecessary to the extent they seek materials governed by the Standing Criminal Discovery Order in this case.  Should defense counsel file such unnecessary motions, the Court will not permit counsel to seek attorneys' fees for preparation of those motions.**

IT IS THEREFORE ORDERED that the Government's Motion for Proposed Trial Groupings (Doc. No. 813) is GRANTED, subject to additional modifications by the Court to serve the ends justice.  In light of this ruling and for the reasons stated above, the Court also DENIES Defendants' Motions "for Disclosure of Codefendants to be Joined at Trial and for Clarification of Trial Date" (Doc. No. 1149, 1169) and Defendant Mitchell's Motion to Sever and Objection to Trial Groupings (Doc. No. 968).

IT IS ALSO ORDERED that for the reasons stated during the status conferences held by this Court, Defendants' motions to continue (Docs. Nos. 882, 887, 958, 970, 986, 987, 994, 1017, 1025) are GRANTED, and Defendant Gilmore's "Motion[s] for Speedy Trial and Objection to Continuance" (Docs. Nos. 995, 1018) are DENIED.

IT IS FURTHERED ORDERED that Defendants' pending motions related to discovery matters (Docs. Nos. 1144, 1145, 1146, 1150, 1155, 1157, 1160, 1163, 1164, 1165, 1166, 1167, 1168) are DENIED AS MOOT since they are governed by the Court's Standard Criminal Discovery Order and other applicable law.

IT IS FURTHER ORDERED that Defense Counsel for all Defendants are cautioned that the filing of motions regarding the disclosure of discovery materials are unnecessary to the extent

they seek materials governed by the Standing Criminal Discovery Order in this case. Should defense counsel file such unnecessary motions, the Court will not permit counsel to seek attorneys' fees for preparation of those motions.

    IT IS SO ORDERED.

                Signed: March 12, 2018

                Frank D. Whitney
                Chief United States District Judge