UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-134-FDW-DSC-6

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| BRADLEY BEAUCHAMP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant Bradley Beauchamp's Motion to Dismiss for Improper Venue (Doc. No. 1236). Defendant Beauchamp argues that his alleged acts in the indictment took place solely in the state of Florida, and therefore, venue in the Western District of North Carolina is inappropriate. (Doc. No. 1236, p. 3).

In this case, Defendant is accused of participating in a RICO Conspiracy in violation of 18 U.S.C. § 1962(d) and a conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. (Doc. No. 1241, pp. 11, 118). It is well settled law that, "[I]n a conspiracy case, a prosecution may be brought in any district in which any act in furtherance of the conspiracy was committed, and proof of acts by one co-conspirator can be attributed to all members of the conspiracy." United States v. Smith, 452 F.3d 323, 335 (4th Cir. 2006). Defendant is charged with participating in RICO and wire fraud conspiracies within the state of North Carolina. (Doc. No. 1241, pp. 14, 118). Furthermore, Defendant acknowledges that "other co-conspirators may have committed acts with connections to the Western District of North Carolina." (Doc. No. 1236, p. 2). Even assuming, *in*

*arguendo,* that Defendant's alleged criminal acts all occurred outside of the state, the acts of many of the alleged co-conspirators (that may be attributed to Defendant) occurred within this state. See Smith, 452 F.3d at 335. Thus, the Court finds that venue in this district is proper.

For the foregoing reasons, Defendant's Motion to Dismiss for Improper Venue (Doc. No. 1236) is DENIED.

IT IS SO ORDERED.

Signed: October 1, 2018

Frank D. Whitney
Chief United States District Judge