UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-134-FDW-DSC-6

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| BRADLEY BEAUCHAMP, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Defendant Bradley Beauchamp's Motion to Dismiss for Due Process Violation by Government. (Doc. No. 1228). For the reasons laid out in this order, Defendant's Motion to Dismiss is DENIED.

## I. BACKGROUND

Defendant was in Florida state custody when this Court issued a *Writ of Habeas Corpus ad Prosequendum* on July 28, 2017. (Doc. No. 708). Defendant was then transferred to a federal detention facility on August 17, 2017, (Doc. No. 744), and appeared before this Court on October 19, 2017. Defendant argues that the two-month delay between his arrest and subsequent appearance was a violation of Rule 5 of the Federal Rules of Criminal Procedure and the Fifth Amendment Right to Due Process. (Doc. No. 1228, p. 3). As a remedy, Defendant asks this Court to dismiss all charges against him. Id. at 4.

## II. LEGAL STANDARD

Under Rule 5 of the Federal Rules of Criminal Procedure, "A Person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge . . . ." Fed. R. Crim. P. 5(a)(1)(A). When any "alleged delay does not result in unwarranted interrogation, no prejudice results, and any violation of Rule 5(a) does not require dismissal of the indictment." United States v. Lawson, 153 F. App'x 209, 211 (4th Cir. 2005) (citing United States v. Neiswender, 590 F.2d 1269, 1271–72 (4th Cir. 1979); Tarkington v. United States, 194 F.2d 63, 67–68 (4th Cir. 1952)). Dismissal of an indictment is only appropriate when the violations amount to "severe official misconduct born of malice, caprice or brazen lawlessness." See Neiswender, 590 F.2d. at 1271.

## III. ANALYSIS

Here, the Court does not find that dismissal of the indictment is an appropriate remedy. While Defendant's initial appearance before this Court may have been delayed, the Court does not find any evidence of "severe official misconduct" that caused the delay. See id. at 1271. Instead, this delay seems result from the aftermath of the number of hurricanes that affected the United States in the fall of 2017. (Doc. No. 1274, p. 3). Furthermore, this delay does not seem to have resulted in any significant prejudice to Defendant. Defendant, by the time of trial set for November 2018, will have had over a year to amount an appropriate defense to the charges against him. Neither party has been able to identify any statements that Defendant may have made during the period of delay and the United States has voluntarily agreed to suppress any statements from this period if such statements are later discovered. For these reasons, the Court does not find that the circumstances in the delay warrants a dismissal of the charges.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Due Process Violation by Government, (Doc. No. 1228), is DENIED.

IT IS SO ORDERED.

Signed: October 1, 2018

Frank D. Whitney
Chief United States District Judge