UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cr-134-FDW-DSC-6

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| BRADLEY BEAUCHAMP, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant's *pro se* "Petition Under Nunc Pro Tunc" [Doc. 3361].

The Defendant purports to seek a correction of a "clerical error in the record…." [Doc. 3361 at 1]. However, a review of the Petition reveals that the Defendant is actually claiming that the federal Bureau of Prisons (BOP) has "miscalculated time that was spent in federal custody" between July 17, 2017 and August 11, 2018. [Id.]. He asks the Court to issue an Order stating that he was in federal custody during that period and instructing the BOP to correct its records to reflect that time in its sentence monitoring computation data. [Id.].

A challenge to the BOP's computation of a sentence must be brought, if at all, in a habeas petition pursuant to 28 U.S.C. § 2241 filed in the district where the inmate is incarcerated, in this case, the Middle District of Florida. See generally Rumsfeld v. Padilla, 542 U.S. 426 (2004) (claim that challenges the present physical confinement must be filed in the district of confinement); see United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the

1

sentencing court."); see also United States v. Vance, 563 F. App'x 277, 278 (4th Cir. 2014) ("A prisoner wishing to challenge the BOP's computation or execution of a federal sentence may do so via a petition for a writ of habeas corpus under 28 U.S.C. § 2241 . . . in the district of his confinement following exhaustion of available administrative remedies."). The Court will therefore deny the instant Petition and will instruct the Clerk to provide the Defendant with a blank § 2241 form.[1]

**IT IS, THEREFORE, ORDERED** that Defendant's *pro se* "Petition Under Nunc Pro Tunc" [Doc. 3361] is **DENIED**. The Clerk is respectfully instructed to mail the Defendant a blank § 2241 form and a copy of this Order.

Signed: June 10, 2022

Frank D. Whitney
United States District Judge

---

[1] The Court declines to transfer the Petition to the Middle District of Florida because he Defendant has not paid the filing fee or moved to proceed *in forma pauperis,* and the Petition is not verified. See 28 U.S.C. § 2242.